S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STEVEN T. MYGRANT, OSB #03129**
Assistant United States Attorney
steven.mygrant@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1052
Facsimile:  (503) 727-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:14-CR-00315-JO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| DANIEL JIMENEZ BARRAGAN, | |
| Defendant. | Plea and Sentencing Date: December 30, 2014, at 11:30 a.m. |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Steven T. Mygrant, Assistant United States Attorney, hereby submits the following sentencing memorandum.

### I. GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons set forth below, the government recommends that the Court impose a sentence of 30 months' imprisonment, followed by a three year term of supervised release and a $100 fee for each conviction.  Such a sentence properly addresses the nature and seriousness of the offense, provides just punishment, affords adequate deterrence and protects the public from further crimes of this defendant.

## II.    PROCEDURAL HISTORY

On April 9, 2014, the Oregon State Police arrested defendant on heroin possession and distribution related charges.  A Clackamas County grand jury returned an indictment against defendant for a number of offenses, including Unlawful Delivery of Heroin in Clackamas County case number CR 14-0663.

On July 29, 2014, a federal grand jury returned an indictment against defendant for Illegal Reentry, pursuant to 8 U.S.C. §1326.

Defendant retained defense counsel, Mr. O'Rourke, to handle the state drug prosecution and the Illegal Reentry prosecution in U.S. District Court.  The parties have engaged in global negotiations to resolve all matters in U.S. District Court. On December 18, 2014, the government filed a Superseding Information in U.S. District Court charging defendant with Illegal Reentry pursuant to 8 U.S.C. §1326 and Possession with Intent to Distribute Heroin, pursuant to 21 U.S.C. §§851(a)(1) and (b)(1)(C).

The parties intend to jointly recommend a sentence of 30 months' imprisonment followed by the proscribed term of supervision. Defendant is prepared to proceed on the Superseding Information and execute a waiver of his right to grand jury.  It is expected that defendant will plead guilty to both charges and request the Court waive a Pre-Sentence Report.  If the Court adopts the parties' recommendation, defendant will proceed immediately to sentencing.  Finally, the Clackamas County District Attorney's Office, through Deputy District Attorney, Alycia Herriott, has agreed to dismiss the Clackamas County indictment once defendant has entered a guilty plea to the same offense conduct in the underlying federal case.

## III.    FACTUAL BACKGROUND

On April 9, 2014, Oregon State Police responded to a report of subject driving recklessly on I-205. Distressed motorists reported the driver of the vehicle shot a BB gun at other passing motorists. An Oregon State Police trooper located a vehicle matching the description and initiated a traffic stop. Upon contact, the trooper identified defendant as the driver. A mobile vehicle search of the car was conducted. The trooper found a BB gun, over $6,000 in cash and approximately five grams of heroin packaged in bindles consistent with distribution.

Following defendant's arrest for the heroin related charges, he was booked into the Clackamas County Jail. On April 10, 2014, an ICE immigration agent determined defendant, a citizen of Mexico, had previously been deported from the United States as an illegal alien on April 25, 2012. Further investigation revealed defendant had never applied for nor received consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to apply for admission into the United States after having been deported.

Defendant has prior criminal convictions in the State of Oregon consisting of: (1) Unlawful Delivery of Heroin in Multnomah County on March 21, 2012 and; (2) Unlawful Possession of Heroin in Multnomah County on October 10, 2011.

### IV.    SENTENCING CONSIDERATIONS

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). Even though the Guidelines are advisory, they remain influential in an effort to ensure national consistency. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark" for sentencing); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the Guidelines is statutory.").

After the parties are given a chance to argue for a sentence they believe is appropriate, the Court should consider the § 3553(a) factors and decide if they support the sentence suggested by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing *Gall,* 128 S. Ct. at 596-97, n.6). The Court must make an individualized determination based on the facts, may not presume that the Guideline range is reasonable, and should not give the Guidelines factors more or less weight than other § 3553(a) factors. *Id*. If the Court decides an outside-Guidelines sentence is warranted, the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id*. And finally, once a sentence is selected, the Court must explain it sufficiently to permit meaningful appellate review. *Id*. at 992.

Factors to consider under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public from further crimes of the defendant; and the need to provide the defendant with needed training, care, or treatment.

## V. PLEA AGREEMENT AND RECOMMENDED SENTENCE

### a. RELEVANT CONDUCT

The parties agree that defendant distributed 50 grams of heroin. Plea Agreement ¶ 6.

////

////

### b. GUIDELINE CALCULATION

Illegal Reentry: The government anticipates a Base Offense Level of 8 + 12 pursuant to U.S.S.G. section 2L1.2(b)(1)(B). After a three level reduction based on Acceptance of Responsibility under 3E1.1 and a four-level reduction under the early disposition of U.S.S.G , §5K3.1, the government anticipates an Adjusted Offense Level of 13 and a criminal history category of III.

Possession with Intent to Distribute Heroin: The government anticipates a Base Offense Level of 18 based on stipulated relevant conduct of 50 grams of heroin. Plea Agreement ¶ 6. After a three level reduction based on Acceptance of Responsibility under 3E1.1, the parties anticipate an adjusted offense level of 15 and a criminal history category of III.

Pursuant to U.S.S.G. § 3D1.4, the parties agree the two counts group to a Total Offense Level of 19. The range for a Total Offense Level 16, criminal history category III is 27-33 months. The parties will jointly recommend a mid-range sentence of 30 months' imprisonment followed by three years supervised release.

////

////

////

////

////

////

////

////

////

## VI. CONCLUSION

The parties have worked together to craft a global resolution that satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2). For the reasons set forth above, the government urges the Court to impose a sentence of 30 months' imprisonment, followed by three years of supervised release, and a fee assessment of $100 for each count.

Dated this 24th day of December 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Steven T. Mygrant*
STEVEN T. MYGRANT, OSB #03129
Assistant United States Attorney