

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*    *(503) 727-1000*
*Portland, OR 97204-2902*    *Fax (503) 727-1117*

December 18, 2014

James F O'Rourke Jr
James O'Rourke & Assoc
522 SW Fifth Ave, Suite 710
Portland OR 97204

      Re:   *United States v. Daniel Jimenez-Barragan,* Case No. 3:14-CR-00315-JO
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Counts One and Two of the Superseding Information. Count One charges the crime of Illegal Reentry into the United States following deportation in violation of Title 8, United States Code, Section 1326(a). Defendant was convicted of Unlawful Delivery of Heroin, an aggravated felony triggering the enhanced penalties under 1326(b)(2). Count Two charges the crime of Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(c).

3.    **Penalties**: The maximum sentence for the crime of Illegal Reentry, because defendant was deported following a conviction for an aggravated felony offense, is 20 years' imprisonment, a fine of $250,000, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. The maximum sentence for the crime of Possession with Intent to Distribute Heroin is twenty years imprisonment, a fine of $1,000,000, at least three years of supervised release, and a $100 fee assessment.

4.    **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this illegal reentry and drug investigation, known to the USAO at the time of this agreement.

///

James O'Rourke
Re:   Daniel Jimenez-Barragan Plea Letter
Page 2

5.   **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.   **Admissions/Relevant Conduct**:

(a) Defendant admits that he is not a citizen of the United States.  Defendant further admits that he was lawfully arrested, and denied admission, excluded, deported, and removed from the United States, and that he was thereafter found in the District of Oregon without having first received the express consent of the Attorney General or his successor, the Secretary of Homeland Security, to reapply for admission or to return to the United States.  For purposes of sentencing, defendant further admits that he was convicted of an aggravated felony prior to being lawfully deported from the United States. Defendant further admits that on March 4, 2011, he unlawfully and knowingly distributed a quantity of heroin.

(b) The parties agree that defendant's relevant conduct pursuant to U.S.S.G. Sections 1B1.3 and 2D1.1(a) is 50 grams of heroin for a Base Offense Level of 18, prior to adjustments.

7.   **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.   **Stipulated Sentence**:  The parties agree that the appropriate sentence is 30 months' imprisonment.  The parties agree that Mr. Jimenez Barragan's Criminal History Category is III and that the offense level is calculated as follows:

   a.   Illegal Reentry Base Offense Level 8 plus 12 under U.S.S.G. section 2L1.2 (b)(1)(B) – 4 levels for the early disposition pursuant to U.S.S.G , §5K3.1.
   b.   Possession with Intent to Distribute Heroin Base Offense Level 18 under U.S.S.G. section 2D1.1(c)(12).

The parties anticipate the offenses will be grouped under U.S.S.G. section 3D1.4 to level 19; reduced by three levels for Acceptance of Responsibility under 3E1.1; for a guideline range of 27-33 months.

James O'Rourke
Re: Daniel Jimenez-Barragan Plea Letter
Page 3

9. **Other Pending Charges**: Defendant acknowledges and is fully aware that if he has any other charges pending against him at the time he is sentenced in this case he may be required to serve any sentence ultimately imposed in that case consecutively to the sentence imposed in this case.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Waiver of Challenge to Removal**: In exchange for the benefits of this plea agreement, defendant expressly waives in this case or any other criminal proceeding any right to challenge the administrative order underlying the removal, deportation, or exclusion charged in Count 1 of the Superseding Information.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

3. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **No Further Concessions:** Defendant acknowledges that should he again unlawfully enter the United States following his conviction in this case, he will be afforded no plea or sentence concessions by the USAO and will be prosecuted to the full extent of the law.

////

////
Revised 02/03/10

James O'Rourke
Re: Daniel Jimenez-Barragan Plea Letter
Page 4

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by December 31, 2014.

Sincerely,

S. AMANDA MARSHALL
United States Attorney


STEVEN T. MYGRANT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12-30-14
Date

HUGO DANIEL JIMENEZ-VASQUEZ
Hugo DAniel Jimenez VAzquez
AKA DANIEL JIMENEZ-BARRAGAN
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12-30-14
Date

JAMES O'ROURKE
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

12-30-14
Date

Interpreter (if necessary)

Revised 02/03/10